Exhibit A  (Page 01 of 29)

FILED DATE: 11/25/2019 4:29 PM  2019L013024

RECEIVED

DEC 0 9 2019

DEPARTMENT OF LAW

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| Summons - Alias Summons | (08/01/18) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ANDRE D. CURRY

_____
(Name all parties)                     Case No.          2019L013024

v.

CITY OF CHICAGO

_____

✓ **SUMMONS**    ☐ **ALIAS SUMMONS**

To each Defendant: C/O ANNA N. VALENCIA, CLERK, 121 NORTH LASALLE STREET, ROOM 107, CHICAGO IL

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org

Exhibit A  (Page 02 of 29)

**Summons - Alias Summons**                                    (08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Atty. No.: **47824**

Atty Name: **FUOCO LAW GROUP, LTD**

Atty. for: **PLAINTIFF**

Address: **1055 GOLF AVENUE**

City: **HIGHLAND PARK**

State: **IL**   Zip: **60035**

Telephone: **847/432-LAWS (5297)**

Primary Email: **fuocolawgroup@gmail.com**

Witness: _____

**11/25/2019 4:29 PM DOROTHY BROWN**

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with
Defendant or other person)

FILED DATE: 11/25/2019 4:29 PM  2019L013024

Exhibit A  (Page 03 of 29)

FILED DATE: 11/25/2019 4:29 PM   2019L013024

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

Richard J Daley Center
50 W Washington
Chicago, IL 60602

District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

Domestic Violence Court
555 W Harrison
Chicago, IL 60607

Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

### Daley Center Divisions/Departments

Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Exhibit A  (Page 04 of 29)

FILED DATE: 11/25/2019 4:29 PM  2019L013024

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| Summons - Alias Summons | (08/01/18) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ANDRE D. CURRY

(Name all parties)

v.

CITY OF CHICAGO

Case No.     2019L013024

✓ SUMMONS     ☐ ALIAS SUMMONS

To each Defendant: C/O ANNA N. VALENCIA, CLERK, 121 NORTH LASALLE STREET, ROOM 107, CHICAGO IL

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois
**cookcountyclerkofcourt.org**

Exhibit A  (Page 05 of 29)

**Summons - Alias Summons**                                     (08/01/18) CCG 0001 B

**E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.**

Atty. No.: 47824

Atty Name: FUOCO LAW GROUP, LTD

Atty. for: PLAINTIFF

Address: 1055 GOLF AVENUE

City: HIGHLAND PARK

State: IL    Zip: 60035

Telephone: 847/432-LAWS (5297)

Primary Email: fuocolawgroup@gmail.com

Witness: _____

11/25/2019 4:29 PM DOROTHY BROWN

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with
Defendant or other person)

FILED DATE: 11/25/2019 4:29 PM   2019L013024

Exhibit A  (Page 06 of 29)

FILED DATE: 11/25/2019 4:29 PM  2019L013024

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

- Richard J Daley Center
  50 W Washington
  Chicago, IL 60602

- District 2 - Skokie
  5600 Old Orchard Rd
  Skokie, IL 60077

- District 3 - Rolling Meadows
  2121 Euclid
  Rolling Meadows, IL 60008

- District 4 - Maywood
  1500 Maybrook Ave
  Maywood, IL 60153

- District 5 - Bridgeview
  10220 S 76th Ave
  Bridgeview, IL 60455

- District 6 - Markham
  16501 S Kedzie Pkwy
  Markham, IL 60428

- Domestic Violence Court
  555 W Harrison
  Chicago, IL 60607

- Juvenile Center Building
  2245 W Ogden Ave, Rm 13
  Chicago, IL 60602

- Criminal Court Building
  2650 S California Ave, Rm 526
  Chicago, IL 60608

### Daley Center Divisions/Departments

- Civil Division
  Richard J Daley Center
  50 W Washington, Rm 601
  Chicago, IL 60602
  Hours:  8:30 am - 4:30 pm

- Chancery Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours:  8:30 am - 4:30 pm

- Domestic Relations Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours:  8:30 am - 4:30 pm

- Civil Appeals
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours:  8:30 am - 4:30 pm

- Criminal Department
  Richard J Daley Center
  50 W Washington, Rm 1006
  Chicago, IL 60602
  Hours:  8:30 am - 4:30 pm

- County Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours:  8:30 am - 4:30 pm

- Probate Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours:  8:30 am - 4:30 pm

- Law Division
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours:  8:30 am - 4:30 pm

- Traffic Division
  Richard J Daley Center
  50 W Washington, Lower Level
  Chicago, IL 60602
  Hours:  8:30 am - 4:30 pm

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org

**12-Person Jury**

Exhibit A  (Page 07 of 29)

FILED
11/25/2019 4:29 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
7504727

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| ANDRE D. CURRY | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 2019L013024 |
| | ) |
| DON JUAN EDWARDS, MEGAN N. | ) |
| POOL, SHADI H. ASFOUR, WILLIAM | ) JURY DEMAND |
| M. DOOLIN and CITY OF CHICAGO | ) |
| | ) |
| Defendants | ) |

### COMPLAINT AT LAW

The plaintiff ANDRE D. CURRY by his attorney, FUOCO LAW GROUP, LTD

complaining of defendants DON JUAN EDWARDS, MEGAN N. POOL, SHADI H.

ASFOUR, WILLIAM M. DOOLIN, and CITY OF CHICAGO, pleading hypothetically and

in the alternative as to each of them, states as follows:

### I. FACTS COMMON TO ALL CLAIMS

1.      On April 9, 2019, plaintiff ANDRE D. CURRY (CURRY) and a female

companion, at approximately 3:00 P.M., boarded eastbound Chicago Transit Authority

Bus 1316 on 87th Street at or near Kedzie Avenue, in the City of Chicago, Cook County

Illinois, with the intention to ride until 87th Street and Cottage Grove Avenue.

2.      Defendant DON JUAN EDWARDS (EDWARDS) was an employee of the

Chicago Transit Authority and drove Bus 1316, equipped with a video recording system

of multiple viewpoints, on the above date and at the above approximate time and place.

1

FILED DATE: 11/25/2019 4:29 PM  2019L013024

3.      CURRY used his Ventra Card after boarding Bus 1316 by swiping it twice to pay the fare for both he and his female companion.

4.      EDWARDS, as an employee of a common carrier, then owed CURRY, as a passenger on Bus 1316 driven by EDWARDS, the highest legal duty of care, including courteous treatment.

5.      EDWARDS, while driving Bus 1316 further eastbound on 87th Street after the Kedzie Avenue bus stop, accused CURRY of not paying the fare for both he and his female companion.

6.      EDWARDS' accusation caused CURRY and EDWARDS to then debate within the hearing and observation of other Bus 1316 passengers whether or not CURRY had paid the fare for both he and his female companion while EDWARDS continued driving Bus 1316 further eastbound on 87th Street.

7.      CURRY did not strike EDWARDS in the head with the palm of his open right hand nor made any physical contact with EDWARDS otherwise at any time while on Bus 1316.

8.       CURRY sought to defuse the situation with EDWARDS by getting off Bus 1316 at the bus stop along 87th Street and the 200 block west with his female companion.

9.      CURRY then walked east with his female companion along 87th Street to the eastbound bus stop at the Red Line train station to find Bus 1316 still driven by EDWARDS parked at the bus stop.

2

Exhibit A  (Page 09 of 29)

FILED DATE: 11/25/2019 4:29 PM   2019L013024

10.     CURRY and his female companion then re-boarded Bus 1316, with CURRY making it a point to swipe his Ventra Card again in a way so that EDWARDS could see CURRY had swiped it twice.

11.     EDWARDS then used derogatory language in reference to CURRY as CURRY and his female companion walked down the bus to unoccupied back seats.

12.     EDWARDS drove Bus 1316 further eastbound on 87th Street to then stop and park the bus at or near Martin Luther King Drive.

13.     Defendant MEGAN N. POOL (POOL) is a Chicago Police Department officer, with Star No. 7601, who on April 9, 2019 in the afternoon patrolled Beat 631 in Gresham District 6 which included 87th Street and Martin Luther King Drive.

14.     Defendant SHADI H. ASFOUR (ASFOUR) is a Chicago Police Department officer, with Star No. 10905, who, with POOL, on April 9, 2019 in the afternoon patrolled Beat 631 in Gresham District 6 which included 87th Street and Martin Luther King Drive.

15.     POOL and ASFOUR responded to an alarm that EDWARDS pressed on Bus 1316 to find the bus parked along eastbound 87th Street at or near Martin Luther King Drive.

16.     EDWARDS got off Bus 1316 as POOL and ASFOUR walked toward the bus to falsely report to POOL and ASFOUR that CURRY had struck EDWARDS during a verbal altercation in the head with the palm of his open right hand.

17.     CURRY and his female companion had left Bus 1316 by the rear bus door

3

FILED DATE: 11/25/2019 4:29 PM  2019L013024

to hear EDWARDS falsely report to POOL and ASFOUR that CURRY had struck EDWARDS in the head and to see EDWARDS point to CURRY.

18.    At the time EDWARDS falsely reported to POOL and ASFOUR that CURRY had struck EDWARDS in the head, EDWARDS had no physical sign whatsoever of having been struck in the head, such as redness, swelling, bruising or bleeding, inconsistent with what EDWARDS alleged had happened approximately 15 minutes earlier.

19.    POOL and ASFOUR, with body cameras on, then detained CURRY, with POOL handcuffing CURRY, even though as CURRY told POOL and ASFOUR repeatedly that he had not done anything to EDWARDS.

20.    Defendant WILLIAM M. DOOLIN (DOOLIN) is a Chicago Police Department Sergeant, with Star No. 1837, in Gresham District 6 who responded on April 9, 2019 to assist POOL and ASFOUR and learned from them what they had done to that point.

21.    POOL, ASFOUR and DOOLIN did nothing whatsoever to corroborate EDWARDS' allegation that CURRY had struck him in the head, such as questioning other Bus 1316 passengers still on the parked bus or CURRY's female companion on the scene or by viewing the video recording taken on Bus 1316 that POOL, ASFOUR and DOOLIN knew to exist, as documented in the Case Incident Report No. 19009910559 written by POOL.

FILED DATE: 11/25/2019 4:29 PM  2019L013024

22.     POOL and ASFOUR, with DOOLIN's approval, then arrested CURRY on the criminal misdemeanor charge of battery (720 ILCS 5/12-3(a)(2)) based upon the uncorroborated allegation by EDWARDS that CURRY struck him in the head with the palm of CURRY's open right hand and in disregard of EDWARDS' retaliatory motive to get CURRY in criminal trouble by making a false report to POOL and ASFOUR.

23.     POOL and ASFOUR transported CURRY, restrained by handcuffs, to the Gresham District 6 police station for processing and then had CURRY placed in the station lock up for hours until releasing CURRY on April 9, 2019 after 8:00 P.M.

24.     CURRY, because of the April 9, 2019 detention and arrest, could not go to work as scheduled and was terminated from his job, then could no longer keep his apartment because of his loss of employment income.

25.     CURRY, because of the April 9, 2019 criminal charge against him, had to appear several times in Cook County Circuit Court, Branch 35, in Case No. 1919330401.

26.     On August 30, 2019, CURRY, represented by the Law Office of the Cook County Public Defender, was acquitted of the April 9, 2019 criminal battery charge against him after a bench trial.

27.     During the August 30, 2019 bench trial, CURRY's defense counsel introduced and had admitted into evidence the Bus 1316 video file which showed no contact whatsoever with EDWARDS by CURRY.

## COUNT I.  EDWARDS
## MALICIOUS PROSECUTION STATE CLAIM

FILED DATE: 11/25/2019 4:29 PM  2019L013024

1.-27.   Paragraphs 1. through 27. of FACTS COMMON TO ALL CLAIMS are realleged as and for paragraphs 1. through 27 of Count I.

28.   EDWARDS' false report to POOL and ASFOUR that CURRY had struck EDWARDS during a verbal altercation in the head with the palm of his open right hand is an initiating cause of Case No. 1919330401 against CURRY in the Cook County Circuit Court, Branch 35.

29.   No probable cause existed for the criminal charge of battery against CURRY which resulted in Case No. 1919330401 and which concluded with CURRY's acquittal.

30.   EDWARDS made the false report to POOL and ASFOUR with malice to get CURRY in criminal trouble to retaliate for CURRY's verbal challenge of and disagreement with EDWARDS's unpaid fare accusation and for what EDWARDS perceived as disrespect to his authority.

31.   EDWARDS' false report to POOL and ASFOUR, which led to CURRY's detention and arrest, proximately caused Curry's absence from work, employment termination for such absence, and special damages suffered thereafter from Curry's loss of employment income.

32.   EDWARDS' malicious actions to get CURRY in criminal trouble which succeeded give rise to an award of exemplary damages to deter EDWARDS from future misconduct toward the public.

WHEREFORE plaintiff ANDRE D. CURRY demands judgment in his favor and

against defendant DON JUAN EDWARDS in an amount in excess of FIFTY THOUSAND

($50,000.00) DOLLARS which the finder of fact determines to be fair and reasonable

compensation as well as all allowable costs and expenses for the prosecution of this action

as the prevailing party.

## COUNT II. POOL
## FALSE ARREST AND FALSE IMPRISONMENT STATE CLAIM

1.-27.   Paragraphs 1. through 27. of FACTS COMMON TO ALL CLAIMS are

realleged as and for paragraphs 1. through 27 of Count II.

28.     No probable cause existed for the criminal charge of battery against CURRY

which resulted in Case No. 1919330401 and which concluded with CURRY's acquittal.

29.     POOL's detention, arrest and imprisonment of CURRY proximately caused

Curry's absence from work, employment termination for such absence, and special

damages suffered thereafter from Curry's loss of employment income.

30.     POOL's detention, arrest and imprisonment of CURRY occurred because of

POOL's malice toward CURRY by her desire to teach CURRY a lesson not to challenge

or verbally disagree with Chicago Transit Authority bus drivers when a passenger.

31.     POOL's malicious actions toward CURRY give rise to an award of

exemplary damages to deter POOL from future misconduct toward the public.

WHEREFORE plaintiff ANDRE D. CURRY demands judgment in his favor and

against defendant MEGAN N. POOL in an amount in excess of FIFTY THOUSAND

FILED DATE: 11/25/2019 4:29 PM   2019L013024

FILED DATE: 11/25/2019 4:29 PM   2019L013024

($50,000.00) DOLLARS which the finder of fact determines to be fair and reasonable compensation as well as all allowable costs and expenses for the prosecution of this action as the prevailing party.

### COUNT III. POOL
### MALICIOUS PROSECUTION STATE CLAIM

1.-27.   Paragraphs 1. through 27. of FACTS COMMON TO ALL CLAIMS are realleged as and for paragraphs 1. through 27 of Count III.

28.   POOL's arrest of CURRY was an initiating cause of Case No. 1919330401 against CURRY in the Cook County Circuit Court, Branch 35.

29.   No probable cause existed for the criminal charge of battery against CURRY which resulted in Case No. 1919330401 and which concluded with CURRY's acquittal.

30.   POOL's arrest of CURRY occurred because of POOL's malice toward CURRY by her desire to teach CURRY a lesson not to challenge or verbally disagree with Chicago Transit Authority bus drivers when a passenger.

31.   POOL's arrest of CURRY proximately caused Curry's absence from work, employment termination for such absence, and special damages suffered thereafter from Curry's loss of employment income.

32.   POOL's malicious actions toward CURRY give rise to an award of exemplary damages to deter POOL from future misconduct toward the public.

WHEREFORE plaintiff ANDRE D. CURRY demands judgment in his favor and

FILED DATE: 11/25/2019 4:29 PM  2019L013024

against defendant MEGAN N. POOL in an amount in excess of FIFTY THOUSAND ($50,000.00) DOLLARS which the finder of fact determines to be fair and reasonable compensation as well as all allowable costs and expenses for the prosecution of this action as the prevailing party.

### COUNT IV. POOL
### 42 USC § 1983 – UNREASONABLE SEIZURE FEDERAL CLAIM

1.-27.    Paragraphs 1. through 27. of FACTS COMMON TO ALL CLAIMS are realleged as and for paragraphs 1. through 27 of Count IV.

28.    No probable cause existed for the criminal charge of battery against CURRY which resulted in Case No. 1919330401 and which concluded with CURRY's acquittal.

29.    POOL's detention, arrest and imprisonment of CURRY under color of Illinois state law was an unreasonable seizure of CURRY's person which deprived CURRY of his Fourth Amendment right under the United States Constitution to be free from unreasonable seizures.

30.    POOL's unreasonable seizure of CURRY's person proximately caused Curry's absence from work, employment termination for such absence, and special damages suffered thereafter from Curry's loss of employment income.

31.    POOL's unreasonable seizure of CURRY's person occurred because of POOL's malice toward CURRY by her desire to teach CURRY a lesson not to challenge or verbally disagree with Chicago Transit Authority bus drivers when a passenger.

FILED DATE: 11/25/2019 4:29 PM  2019L013024

32.    POOL's malicious actions toward CURRY give rise to an award of exemplary damages to deter POOL from future misconduct toward the public.

WHEREFORE plaintiff ANDRE D. CURRY demands judgment in his favor and against defendant MEGAN N. POOL in an amount which the finder of fact determines to be fair and reasonable and the award of reasonable attorney fees and permissible costs and expenses for the prosecution of this action, pursuant to 42 USC § 1988, as the prevailing party.

## COUNT V. POOL
## 42 USC § 1983 – RETALIATORY ARREST FEDERAL CLAIM

1.-27.  Paragraphs 1. through 27. of FACTS COMMON TO ALL CLAIMS are realleged as and for paragraphs 1. through 27 of Count V.

28.    CURRY's speech in response to and when contesting EDWARD's accusation that CURRY did not pay the fare for both he and his female companion is speech protected by the First Amendment of the United States Constitution.

29.    When EDWARDS first made his false report to POOL and ASFOUR upon their contact with EDWARDS outside Bus 1316, EDWARDS told POOL and ASFOUR that EDWARDS and CURRY had been engaged in a "VERBAL ALTERCATION" before CURRY supposedly struck EDWARDS in the head.

30.    POOL wrote the ORIGINAL CASE INCIDENT REPORT with RD No. JC217952 of EVENT No. 1909910559 in which POOL noted what EDWARDS told POOL

and ASFOUR of the "VERBAL ALTERCATION" between EDWARDS and CURRY.

31.     POOL did not write in the ORIGINAL CASE INCIDENT REPORT with RD No. JC217952 of EVENT No. 1909910559 of any physical sign seen anywhere on EDWARDS' head, such as redness, swelling, bruising or bleeding, consistent with what EDWARDS alleged had happened approximately 15 minutes earlier.

32.     No probable cause existed for the criminal charge of battery against CURRY which resulted in Case No. 1919330401 and which concluded with CURRY's acquittal.

33.     Instead, the "VERBAL ALTERCATION" between EDWARDS and CURRY known to POOL served as the motivating or substantial factor for POOL's detention, arrest and imprisonment of CURRY under color of Illinois state law.

34.     POOL's detention, arrest and imprisonment of CURRY occurred because of POOL's malice toward CURRY by her desire to teach CURRY a lesson not to challenge or verbally disagree with Chicago Transit Authority bus drivers when a passenger.

35.     POOL's malicious actions toward CURRY give rise to an award of exemplary damages to deter POOL from future misconduct toward the public.

WHEREFORE plaintiff ANDRE D. CURRY demands judgment in his favor and against defendant MEGAN N. POOL in an amount which the finder of fact determines to be fair and reasonable and the award of reasonable attorney fees and permissible costs and expenses for the prosecution of this action, pursuant to 42 USC § 1988, as the

Exhibit A  (Page 18 of 29)

prevailing party.

## COUNT VI. ASFOUR
## FALSE ARREST AND FALSE IMPRISONMENT STATE CLAIM

1.-27.   Paragraphs 1. through 27. of FACTS COMMON TO ALL CLAIMS are

realleged as and for paragraphs 1. through 27 of Count VI.

28.      No probable cause existed for the criminal charge of battery against CURRY

which resulted in Case No. 1919330401 and which concluded with CURRY's acquittal.

29.      ASFOUR's assistance to POOL in the detention, arrest and imprisonment

of CURRY proximately caused Curry's absence from work, employment termination for

such absence, and special damages suffered thereafter from Curry's loss of employment

income.

30.      ASFOUR's assistance to POOL in the detention, arrest and imprisonment

of CURRY occurred because of ASFOUR's malice toward CURRY by his desire to teach

CURRY a lesson not to challenge or verbally disagree with Chicago Transit Authority bus

drivers when a passenger.

31.      ASFOUR's malicious actions toward CURRY give rise to an award of

exemplary damages to deter ASFOUR from future misconduct toward the public.

WHEREFORE plaintiff ANDRE D. CURRY demands judgment in his favor and

against defendant SHADI H. ASFOUR in an amount in excess of FIFTY THOUSAND

($50,000.00) DOLLARS which the finder of fact determines to be fair and reasonable

FILED DATE: 11/25/2019 4:29 PM   2019L013024

Exhibit A  (Page 19 of 29)

compensation as well as all allowable costs and expenses for the prosecution of this action as the prevailing party.

**COUNT VII. ASFOUR**
**MALICIOUS PROSECUTION STATE CLAIM**

1.-27.  Paragraphs 1. through 27. of FACTS COMMON TO ALL CLAIMS are realleged as and for paragraphs 1. through 27 of Count VII.

28.    ASFOUR's assistance to POOL in the detention and arrest of CURRY was an initiating cause of Case No. 1919330401 against CURRY in the Cook County Circuit Court, Branch 35.

29.    No probable cause existed for the criminal charge of battery against CURRY which resulted in Case No. 1919330401 and which concluded with CURRY's acquittal.

30.    ASFOUR's assistance to POOL in the detention and arrest of CURRY occurred because of ASFOUR's malice toward CURRY by his desire to teach CURRY a lesson not to challenge or verbally disagree with Chicago Transit Authority bus drivers when a passenger.

30.    ASFOUR's assistance to POOL in the detention and arrest of CURRY proximately caused Curry's absence from work, employment termination for such absence, and special damages suffered thereafter from Curry's loss of employment income.

31.    ASFOUR's malicious actions toward CURRY give rise to an award of

13

exemplary damages to deter ASFOUR from future misconduct toward the public.

WHEREFORE plaintiff ANDRE D. CURRY demands judgment in his favor and against defendant SHADI H. ASFOUR in an amount in excess of FIFTY THOUSAND ($50,000.00) DOLLARS which the finder of fact determines to be fair and reasonable compensation as well as all allowable costs and expenses for the prosecution of this action as the prevailing party.

## COUNT VIII. ASFOUR
### 42 USC § 1983 – UNREASONABLE SEIZURE FEDERAL CLAIM

1.-27.  Paragraphs 1. through 27. of FACTS COMMON TO ALL CLAIMS are realleged as and for paragraphs 1. through 27 of Count VIII.

28.  No probable cause existed for the criminal charge of battery against CURRY which resulted in Case No. 1919330401 and which concluded with CURRY's acquittal.

29.  ASFOUR's assistance to POOL in the detention, arrest and imprisonment of CURRY under color of Illinois state law was an unreasonable seizure of CURRY's person which deprived CURRY of his Fourth Amendment right under the United States Constitution to be free from unreasonable seizures.

30.  ASFOUR's assistance in POOL's unreasonable seizure of CURRY's person proximately caused Curry's absence from work, employment termination for such absence, and special damages suffered thereafter from Curry's loss of employment income.

14

FILED DATE: 11/25/2019 4:29 PM    2019L013024

31.    ASFOUR's assistance in POOL's unreasonable seizure of CURRY's person occurred because of ASFOUR's malice toward CURRY by his desire to teach CURRY a lesson not to challenge or verbally disagree with Chicago Transit Authority bus drivers when a passenger.

32.    ASFOUR's malicious actions toward CURRY give rise to an award of exemplary damages to deter ASFOUR's from future misconduct toward the public.

WHEREFORE plaintiff ANDRE D. CURRY demands judgment in his favor and against defendant SHADI H. ASFOUR in an amount which the finder of fact determines to be fair and reasonable and the award of reasonable attorney fees and permissible costs and expenses for the prosecution of this action, pursuant to 42 USC § 1988, as the prevailing party.

## COUNT IX. ASFOUR
## 42 USC § 1983 – RETALIATORY ARREST FEDERAL CLAIM

1.-27.    Paragraphs 1. through 27. of FACTS COMMON TO ALL CLAIMS are realleged as and for paragraphs 1. through 27 of Count IX.

28.    CURRY's speech in response to and when contesting EDWARD's accusation that CURRY did not pay the fare for both he and his female companion is speech protected by the First Amendment of the United States Constitution.

29.    When EDWARDS first made his false report to POOL and ASFOUR upon their contact with EDWARDS outside Bus 1316, EDWARDS told POOL and ASFOUR

FILED DATE: 11/25/2019 4:29 PM   2019L013024

that EDWARDS and CURRY had been engaged in a "VERBAL ALTERCATION" before CURRY supposedly had struck EDWARDS in the head.

30.     POOL wrote the ORIGINAL CASE INCIDENT REPORT with RD No. JC217952 of EVENT No. 1909910559 in which POOL noted what EDWARDS told POOL and ASFOUR of the "VERBAL ALTERCATION" between EDWARDS and CURRY.

31.     POOL did not write in the ORIGINAL CASE INCIDENT REPORT with RD No. JC217952 of EVENT No. 1909910559 of any physical sign seen anywhere on EDWARDS' head, such as redness, swelling, bruising or bleeding, consistent with what EDWARDS alleged had happened approximately 15 minutes earlier.

32.     No probable cause existed for the criminal charge of battery against CURRY which resulted in Case No. 1919330401 and which concluded with CURRY's acquittal.

33.     Instead, the "VERBAL ALTERCATION" between EDWARDS and CURRY known to ASFOUR served as the motivating or substantial factor for ASFOUR's assistance in POOL's detention, arrest and imprisonment of CURRY under color of Illinois state law.

34.     ASFOUR's assistance in POOL's detention, arrest and imprisonment of CURRY occurred because of ASFOUR's malice toward CURRY by his desire to teach CURRY a lesson not to challenge or verbally disagree with Chicago Transit Authority bus drivers when a passenger.

FILED DATE: 11/25/2019 4:29 PM  2019L013024

35.    ASFOUR's malicious actions toward CURRY give rise to an award of exemplary damages to deter ASFOUR from future misconduct toward the public.

WHEREFORE plaintiff ANDRE D. CURRY demands judgment in his favor and against defendant SHADI H. ASFOUR  in an amount which the finder of fact determines to be fair and reasonable and the award of reasonable attorney fees and permissible costs and expenses for the prosecution of this action, pursuant to 42 USC § 1988, as the prevailing party.

## COUNT X. DOOLIN
## FALSE ARREST AND FALSE IMPRISONMENT STATE CLAIM

1.-27.  Paragraphs 1. through 27. of FACTS COMMON TO ALL CLAIMS are realleged as and for paragraphs 1. through 27 of Count X.

28.    No probable cause existed for the criminal charge of battery against CURRY which resulted in Case No. 1919330401 and which concluded with CURRY's acquittal.

29.    DOOLIN's approval of POOL's detention, arrest and imprisonment of CURRY proximately caused Curry's absence from work, employment termination for such absence, and special damages suffered thereafter from Curry's loss of employment income.

30.    DOOLIN's approval of POOL's detention, arrest and imprisonment of CURRY occurred because of DOOLIN's malice toward CURRY by his desire to teach CURRY a lesson not to challenge or verbally disagree with Chicago Transit Authority bus

drivers when a passenger.

31.     DOOLIN's malicious actions toward CURRY give rise to an award of exemplary damages to deter DOOLIN from future misconduct toward the public.

WHEREFORE plaintiff ANDRE D. CURRY demands judgment in his favor and against defendant WILLIAM M. DOOLIN in an amount in excess of FIFTY THOUSAND ($50,000.00) DOLLARS which the finder of fact determines to be fair and reasonable compensation as well as all allowable costs and expenses for the prosecution of this action as the prevailing party.

## COUNT XI. DOOLIN
## MALICIOUS PROSECUTION STATE CLAIM

1.-27.  Paragraphs 1. through 27. of FACTS COMMON TO ALL CLAIMS are realleged as and for paragraphs 1. through 27 of Count XI.

28.     DOOLIN's approval of POOL's detention and arrest of CURRY was an initiating cause of Case No. 1919330401 against CURRY in the Cook County Circuit Court, Branch 35.

29.     No probable cause existed for the criminal charge of battery against CURRY which resulted in Case No. 1919330401 and which concluded with CURRY's acquittal.

30.     DOOLIN's approval of POOL's detention and arrest of CURRY occurred because of DOOLIN's malice toward CURRY by his desire to teach CURRY a lesson not to challenge or disagree with Chicago Transit Authority bus drivers when a passenger.

18

Exhibit A  (Page 25 of 29)

FILED DATE: 11/25/2019 4:29 PM  2019L013024

31.    DOOLIN's approval of POOL's detention and arrest of CURRY proximately caused Curry's absence from work, employment termination for such absence, and special damages suffered thereafter from Curry's loss of employment income.

32.    DOOLIN's malicious actions toward CURRY give rise to an award of exemplary damages to deter DOOLIN from future misconduct toward the public.

WHEREFORE plaintiff ANDRE D. CURRY demands judgment in his favor and against defendant WILLIAM M. DOOLIN in an amount in excess of FIFTY THOUSAND ($50,000.00) DOLLARS which the finder of fact determines to be fair and reasonable compensation as well as all allowable costs and expenses for the prosecution of this action as the prevailing party.

## COUNT XII. DOOLIN
## 42 USC § 1983 – UNREASONABLE SEIZURE FEDERAL CLAIM

1.-27.  Paragraphs 1. through 27. of FACTS COMMON TO ALL CLAIMS are realleged as and for paragraphs 1. through 27 of Count XII.

28.    No probable cause existed for the criminal charge of battery against CURRY which resulted in Case No. 1919330401 and which concluded with CURRY's acquittal.

29.    DOOLIN's approval of POOL's detention, arrest and imprisonment of CURRY under color of Illinois state law was an unreasonable seizure of CURRY's person which deprived CURRY of his Fourth Amendment right under the United States

FILED DATE: 11/25/2019 4:29 PM  2019L013024

Constitution to be free from unreasonable seizures.

30.     DOOLIN's approval of POOL's unreasonable seizure of CURRY's person proximately caused Curry's absence from work, employment termination for such absence, and special damages suffered thereafter from Curry's loss of employment income.

31.     DOOLIN's approval of POOL's unreasonable seizure of CURRY's person occurred because of DOOLIN's malice toward CURRY by his desire to teach CURRY a lesson not to challenge or verbally disagree with Chicago Transit Authority bus drivers when a passenger.

32.     DOOLIN's malicious actions toward CURRY give rise to an award of exemplary damages to deter DOOLIN from future misconduct toward the public.

WHEREFORE plaintiff ANDRE D. CURRY demands judgment in his favor and against defendant WILLIAM M. DOOLIN in an amount which the finder of fact determines to be fair and reasonable and the award of reasonable attorney fees and permissible costs and expenses for the prosecution of this action, pursuant to 42 USC § 1988, as the prevailing party.

## COUNT XIII. DOOLIN
## 42 USC § 1983 – RETALIATORY ARREST FEDERAL CLAIM

1.-27.  Paragraphs 1. through 27. of FACTS COMMON TO ALL CLAIMS are realleged as and for paragraphs 1. through 27 of Count XIII.

20

28.     CURRY's speech in response to and when contesting EDWARD's accusation that CURRY did not pay the fare for both he and his female companion is speech protected by the First Amendment of the United States Constitution.

29.     When EDWARDS first made his false report to POOL and ASFOUR upon their contact with EDWARDS outside Bus 1316, EDWARDS told POOL and ASFOUR that EDWARDS and CURRY had been engaged in a "VERBAL ALTERCATION" before CURRY supposedly had struck EDWARDS in the head.

30.     POOL wrote the ORIGINAL CASE INCIDENT REPORT with RD No. JC217952 of EVENT No. 1909910559 in which POOL noted what EDWARDS told POOL and ASFOUR of the "VERBAL ALTERCATION" between EDWARDS and CURRY.

31.     POOL did not write in the ORIGINAL CASE INCIDENT REPORT with RD No. JC217952 of EVENT No. 1909910559 of any physical sign seen anywhere on EDWARDS' head, such as redness, swelling, bruising or bleeding, consistent with what EDWARDS alleged had happened approximately 15 minutes earlier.

32.      No probable cause existed for the criminal charge of battery against CURRY which resulted in Case No. 1919330401 and which concluded with CURRY's acquittal.

33.     Instead, the "VERBAL ALTERCATION" between EDWARDS and CURRY known to DOOLIN served as the motivating or substantial factor for DOOLIN's approval of POOL's detention, arrest and imprisonment of CURRY under color of Illinois state law.

FILED DATE: 11/25/2019 4:29 PM  2019L013024

Exhibit A  (Page 28 of 29)

34.     DOOLIN's approval of POOL's detention, arrest and imprisonment of CURRY occurred because of DOOLIN's malice toward CURRY by his desire to teach CURRY a lesson not to challenge or verbally disagree with Chicago Transit Authority bus drivers when a passenger.

35.     DOOLIN's malicious actions toward CURRY give rise to an award of exemplary damages to deter ASFOUR from future misconduct toward the public.

WHEREFORE plaintiff ANDRE D. CURRY demands judgment in his favor and against defendant WILLIAM M. DOOLIN in an amount which the finder of fact determines to be fair and reasonable and the award of reasonable attorney fees and permissible costs and expenses for the prosecution of this action, pursuant to 42 USC § 1988, as the prevailing party.

## COUNT XIV. CITY OF CHICAGO
## RESPONDEAT SUPERIOR
## FALSE ARREST AND FALSE IMPRISONMENT STATE CLAIMS
## MALICIOUS PROSECUTION STATE CLAIMS

1.-27.  Paragraphs 1. through 27. of FACTS COMMON TO ALL CLAIMS are realleged as and for paragraphs 1. through 27 of Count XIV.

28.     On April 9, 2019, defendant CITY OF CHICAGO employed defendants POOL, ASFOUR and DOOLIN as officers of the Chicago Police Department.

29.     On April 9, 2019, defendants POOL, ASFOUR and DOOLIN acted in the scope of their employment in their individual and collective conduct concerning CURRY.

FILED DATE: 11/25/2019 4:29 PM   2019L013024

Exhibit A  (Page 29 of 29)

FILED DATE: 11/25/2019 4:29 PM   2019L013024

30.     Defendant CITY OF CHICAGO is vicariously liable for the April 9, 2019 willful and wanton conduct of POOL, ASFOUR and DOOLIN upon a jury's finding that POOL, ASFOUR and DOOLIN are legally liable to CURRY for the unlawful detention, arrest and imprisonment of him, and the malicious criminal prosecution of him in Case No. 1919330401.

WHEREFORE plaintiff ANDRE D. CURRY demands judgment in his favor and against defendant CITY OF CHICAGO in an amount in excess of FIFTY THOUSAND ($50,000.00) DOLLARS which the finder of fact determines to be fair and reasonable compensation as well as all allowable costs and expenses for the prosecution of this action as the prevailing party.


Respectfully Submitted,

*/s/ Steven C. Fuoco*
Fuoco Law Group, Ltd
Counsel for Plaintiff


Steven C. Fuoco
Fuoco Law Group, Ltd.
1055 Golf Avenue
Highland Park, Illinois 60035
847/432-LAWS (5297)
Court ID No. 47824
fuocolawgroup@gmail.com