**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANDRE CURRY, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 20 C 103 |
| | ) | |
| v. | ) | Judge Martha M. Pacold |
| | ) | |
| DON JUAN EDWARDS, et al., | ) | Magistrate Judge Gabriel A. Fuentes |
| | ) | |
| Defendants. | ) | |

## <u>DEFENDANTS' JOINT MOTION TO DISMISS</u>

Defendants Shadi Asfour, Megan Pool, and William Doolin, by and through one of their attorneys, Michele McGee, Assistant Corporation Counsel, and Defendant City of Chicago, by and through its attorney, Mark A. Flessner, Corporation Counsel, move to dismiss Counts II through XIV, inclusive, of Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6). In support of this motion, Defendant states as follows.

## <u>INTRODUCTION</u>

Plaintiff Andre Curry brings a litany of claims against two Chicago police officers that arrested him on April 9, 2019, Shadi Asfour and Megan Pool, and their supervisor, Sgt. William Doolin, all relating to that arrest. Against Pool, Plaintiff brings Illinois state law claims for False Arrest and False Imprisonment [Count II]; and Malicious Prosecution [Count III]; and Federal claims for Unreasonable Seizure [Count IV]; and Retaliatory Arrest [Count V]. These claims are repeated in the same order against Asfour as Counts VI through IX, and against Doolin as Counts X through XIII. Plaintiff also brings a *respondeat superior* claim against the City of Chicago as Count XIV based on the state law claims brought against the named defendants.

1

Curry was arrested after allegedly hitting Defendant Don Juan Edwards, a Chicago Transit Authority bus driver while on a CTA bus after Defendant Edwards confronted him about not paying a fare. *See* Pl's Compl. [ECF No. 1, Ex. A] at ¶¶ 5, 6, 16. None of the officers witnessed the incident themselves; they were called to the scene by Defendant Edwards. *See id.* at ¶ 15. When they arrived, Defendant Edwards told them that he had been hit by Curry and signed a complaint for misdemeanor battery. *See id.* at ¶ 22. The officers then arrested Curry. *See id.*

Curry now complains that Defendant Edwards lied to Officers Asfour and Pool, and this lie caused him to be arrested. But the officers had no reason to believe that Edwards was lying at the time, so Defendant Edwards' signed complaint constituted probable cause to arrest Plaintiff, defeating all of his many claims.

## LEGAL STANDARD

When considering motions brought pursuant to Rule 12(b)(6), all well-pleaded allegations within the complaint are read in the light most favorable to the plaintiff and presumed true. *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). This presumption is not extended to "legal conclusions, or threadbare recitals of a cause of action, supported by mere conclusory statements." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013). A proper claim requires only short and plain statements of jurisdiction and entitlement to relief, as well as a demand for the relief sought. Fed.R.Civ.P. 8(a).

A defendant may move to dismiss if the plaintiff has failed to state a claim upon which relief has been granted. To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient facts, accepted as true, "to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or

2

'a formulaic recitation of the elements of a cause of action will not do." *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s] devoid of further factual enhancement." *Id.* *Iqbal* goes on to state that legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to the presumption of truth. *Id.* at 678-79.

## ARGUMENT

### I.     Defendants Asfour, Pool, and Doolin had probable cause to arrest Plaintiff based on Edwards' sworn complaint, thus defeating all of Plaintiff's claims against the officers.

The Fourth Amendment prohibits "unreasonable seizures"; in the arrest context, this means that it prohibits arrests without probable cause. *See Devenpeck v. Alford*, 543 U.S. 146, 153 (2004). Conversely, probable cause provides an absolute defense to any claim brought under § 1983 that an arrest was unreasonable. *See Gutierrez v. Kermon*, 722 F.3d 1007, 1009 (7th Cir. 2013). Probable cause also forecloses any claim brought under the First Amendment that the arrest was in retaliation to the arrestee's speech (as Plaintiff claims in Counts V, IX, and XII). *See Nieves v. Bartlett*, 587 U.S. ___, ___, 139 S.Ct. 1715, 1724 (2019).

Probable cause similarly defeats any claim brought under Illinois state law for malicious prosecution, *see Swick v. Liautaud*, 169 Ill. 2d 504, 512 (1996); false arrest, *see Kincaid v. Ames Dept. Stores, Inc.*, 283 Ill. App. 3d 555, 564 (1st Dist. 1996); and false imprisonment, *see Poris v. Lake Holiday Prop. Owners Ass'n*, 2013 IL 113907 ¶ 63. Every one of Plaintiff's claims against the officers and the City, therefore, rise or fall on the question of probable cause.

A police officer has probable cause to arrest an individual if a reasonable person would believe, based on the facts and circumstances known at the time, that a crime had been committed. *McBride v. Grice*, 576 F.3d 703, 707 (7th Cir. 2009). Probable cause simply requires a reasonable basis for making an arrest; it does not require evidence sufficient to support a conviction. *Hughes v. Meyer*, 880 F.2d 967, 969 (7th Cir. 1989). It does not even require a

3

showing that the officer's belief is more likely true than false. *United States v. McDonald*, 723 F.2d 1288, 1295 (7th Cir. 1983) (citing *Brinegar v. United States*, 338 U.S. 160, 176 (1949)). Hence, "all acquittals and terminated prosecutions do not lead to liability under § 1983" (or, for that matter, Illinois state law). *Beauchamp v. City of Noblesville*, 320 F.3d 733, 746 (7th Cir. 2003).

When an officer has received information from the putative victim of a crime who it seems reasonable to believe is telling the truth, the officer has probable cause. *See Spiegel v. Cortese*, 196 F.3d 717, 725 n.1 (7th Cir. 2000). "Where the victim of the crime supplies the police with the information forming probable cause, there is a presumption that this information is inherently reliable." *Jones v. City of Chicago*, No. 08 C 3501, 2011 WL 1898243, at *4 (N.D. Ill. May 18, 2011) (Kennelly, J.) (quoting *Sang Ken Kim v. City of Chicago*, 368 Ill.App.3d 648, 655 (2006)). "Police officers encounter competing and inconsistent stories. One person makes an accusation; another denies it; police on the scene must act, yet lack the tools to determine immediately where the truth lies. The Constitution permits them to initiate the criminal process and leave the sifting of competing claims and inferences to detectives, prosecutors, judges, and juries in the criminal prosecution. *Askew v. City of Chicago*, 440 F.3d 894, 896 (7th Cir. 2006). Police officers need not delay arresting a suspect until their have conclusively resolved each and every inconsistency or contradiction in a victim's account. *Spiegel*, 196 F.3d at 727. A citizen's complaint establishes probable cause for an arrest, regardless of the actual truth of the complaint. *Mustafa v. City of Chicago,* 442 F.3d 544, 548 (7th Cir. 2006).

Here, Plaintiff was arrested after Defendant Don Juan Edwards called the police and signed a criminal complaint for misdemeanor battery against Plaintiff. *See* Pl's Compl. ¶ 22; Ex.

A. (signed complaint)[1]. While Plaintiff alleges that the complaint was false, there is no way that the officers could have known that while on scene. Here, Edwards told the officers that Curry struck him, and wanted to sign a complaint for misdemeanor battery. *See* Pl's Compl. ¶ 28. Edwards gave an account that satisfied the requirements of a crime, and wanted to sign a complaint for the correct crime. *See id.* at ¶ 22. There was no reason, therefore, for the officers here to be suspicious or require more investigation before arresting Plaintiff. The officers had probable cause, and so all of Plaintiff's claims against them fail.

Additionally, because all of Plaintiff's claims against all agents of the City of Chicago fail, Plaintiff's claim of *respondeat superior* [Count XIV] against the City based on the actions of those agents also fails. *See Bachenski v. Malnati*, 11 F.3d 1371, 1377-78 (7th Cir. 1993) ("when *respondeat superior* is the sole asserted basis of liability against a master for the tort of his servant an adjudication on the merits in favor of either the master or servant precludes suit against the other," citing *Towns v. Yellow Cab Co.*, 73 Ill. 2d 113 (1978)).

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, Defendants move the Court to dismiss Counts II through XIV of Plaintiff's Complaint in their entirety, and dismiss them as Defendants from this case.

Respectfully submitted,

CITY OF CHICAGO
Mark A. Flessner,
Corporation Counsel of the City of Chicago

By:/s/ Bret A. Kabacinski
Bret A. Kabacinski

---

[1] A court may take judicial notice of public records, such as signed criminal complaints, in deciding a motion to dismiss under Rule 12(b)(6). *See Thomas v. City of Joliet*, No. 10 C 5056, 2012 WL 1030470 at *1 n.3 (N.D. Ill. March 27, 2012) (Lefkow, J.) (citing *Ray v. City of Chicago*, 629 F.3d 660, 665 (7th Cir. 2011) and *United States v. Wood*, 925 F.2d 1580, 1581-82 (7th Cir. 1991)).

                                        Assistant Corporation Counsel
                                        Atty. No. 6313169
                                        One of Defendant's Attorneys


Jonathan Clark Green, Assistant Corporation Counsel Supervisor
City of Chicago Department of Law
30 N. LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 742-1842
(312) 744-6566 (Fax)
*Attorneys for Defendant City of Chicago*


                                By: /s/ Michele McGee_____
                                    Michele McGee
                                    Assistant Corporation Counsel
                                    Atty. No. 6225600


Jessica Griff, Assistant Corporation Counsel Supervisor
Michele McGee, Assistant Corporation Counsel
Evan Scott, Assistant Corporation Counsel
City of Chicago Department of Law
30 N. LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-8311
(312) 744-6566 (Fax)
*Attorneys for Defendant Officers*